**NOT RECOMMENDED FOR PUBLICATION**
File Name: 17a0362n.06

No. 16-6482

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LORRAINE CARRETHERS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ROBERT SPEER, Acting Secretary, Department of | ) | COURT FOR THE WESTERN |
| the Army, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: SILER, McKEAGUE, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Lorraine Carrethers, a black female, was employed by the Department of the Army (the Army) as a civilian information-technology (IT) specialist. After the Army terminated her employment in 2013, a decision later affirmed by the Merit Systems Protection Board (MSPB), Carrethers filed this action against the Secretary of the Army. She alleges that she was discharged in retaliation for (1) engaging in activity protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII), and (2) making disclosures protected under the Whistleblowers Protection Enhancement Act of 2012, 5 U.S.C. § 2302 (the WPA). She asserts a third count challenging the MSPB's decision. The district court found that Carrethers failed to state a claim and granted the Army's motion to dismiss. We **REVERSE**.

**I**

**A**

Carrethers was hired by the Army in 1998 as a civilian IT specialist. Around February 2013, she informally complained to the Army's Equal Employment Opportunity (EEO) office that she had been the target of racially offensive comments and fits of rage from her supervisors, Theresa McGuire and Dave Cathell, causing her to suffer from panic attacks and to be diagnosed with post-traumatic stress disorder. She subsequently filed a formal complaint with the Equal Employment Opportunity Commission (EEOC) alleging a race-based hostile workplace.

Prior to filing her EEOC complaint, Carrethers also complained internally of sexual harassment by McGuire. On December 4, 2013, Colonel Roger Basnett began investigating Carrethers' internal complaints pursuant to Army Regulation 15-6, *Procedures for Administrative Investigations and Boards of Officers*. Colonel Basnett's investigatory report, dated December 19, 2013, stated:

> There were no substantiated facts from Ms. Carrethers' testimony or sworn statement. I interviewed all witnesses that Ms. Carrethers provided to me that she stated could substantiate the alleged misconduct by Ms. McGuire and Mr. Cathell toward her. None of the fourteen witnesses I interviewed either confirmed or supported any of the allegations Ms. Carrethers made against Ms. McGuire or Mr. Cathell. More importantly, all witnesses stated that both Ms. McGuire and Mr. Cathell always acted professionally to all Division employees, including Ms. Carrethers.
>
> It is my conclusion that Ms. Carrethers is abusing the system to cover up her inability to perform assigned duties at her current grade (GS-14). It was extremely clear to me that Ms. Carrethers make [sic] things up throughout the interview and I believe the command should send a strong signal to this employee that her continued misuse of the command's resources with false allegations of misconduct against her coworkers will not be tolerated.

R. 21-1, PID 98–99.

Before reaching this conclusion, Colonel Basnett's report noted that witnesses suggested by Carrethers did not recall the incidents of sexual harassment she alleged, that McGuire stated she was afraid of Carrethers and avoided her unless they were in the presence of others, and that

throughout the course of his interview with Carrethers "she could not keep any information straight between any of her formal complaints and her story changed numerous times throughout the interview." *Id.* at PID 96. The Army notified Carrethers on March 28, 2014 that it proposed to discharge her for "[m]aking unsubstantiated and inappropriate remarks against your first-line and second-line supervisors," specifically noting her accusations that McGuire winked and blew kisses at her, and peeped at her in the office restroom. R. 21-3, PID 126. A month later, Brigadier General David MacEwen discharged her.

Carrethers appealed her discharge to the MSPB, Case No. CH-0752-14-0549-I-1, as being in retaliation for her workplace complaints, and an administrative judge (AJ) held a two-day evidentiary hearing and issued a reasoned decision, including six pages of factual findings. The AJ concluded that Carrethers failed to present evidence refuting the Army's charge that she made false accusations, and affirmed the Army's decision.

The parties settled Carrethers' racial-hostility EEOC complaint, Case No. 470-2014-00090X, and expressly agreed that their settlement agreement was "in settlement of EEOC No. 470-2014-00090X, Agency No. ARKNOX13FEB0468 only and does not apply to MSPB Case No. CH-0752-14-0549-I.1." Settlement Agreement, R. 13, PID 67.

**B**

Carrethers now pursues a "mixed case" action under 5 U.S.C. § 7702(a)(1)(A). In her district-court complaint, Carrethers alleges that in February 2013 she complained internally of racial harassment, and that in October 2013 she complained of four instances of what she reasonably believed constituted sexual harassment: "(1) on or about May 15, 2013, McGuire peeped into the bathroom stall where Carrethers was urinating; (2) on June 5, 2013, McGuire stated that Carrethers 'liked' her and kept smiling at her; (3) on or about December 17, 2013, her

first line supervisor, Theresa McGuire winked at her, blew kisses at her and acted provocatively toward her; and (4) McGuire mocked and belittled Carrethers in the presence of her co-workers and superiors." Compl., R. 1, PID 4. Carrethers alleged that her internal complaint resulted in the termination of her employment: "[o]n October 31, 2013, Defendant issued Carrethers a Letter of Reprimand for alleged discourtesy and making unsubstantiated statements . . . .," that "[o]n or about March 28, 2014, Defendant notified Carrethers of its intent to remove her because it could not substantiate the allegations of sexual harassment that she made . . . .," and that "Defendant discharged Carrethers' employment on April 9, 2014." *Id.* Her district-court complaint also recited the history of her EEOC complaint, but omitted any mention of the EEOC settlement agreement.

Carrethers asserted two retaliation counts, on the basis that she complained of racial and sexual harassment and was discharged as a result. Count 1 asserted that she engaged in protected activity under Title VII, and Count 2 asserted that she made disclosures protected under the WPA. A separate Count 3 challenged the MSPB's decision affirming her discharge as lacking substantial evidence in the administrative record, and as being arbitrary, capricious, and an abuse of discretion.

The Army moved to dismiss the district-court complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). In its motion to dismiss, the Army argued (1) that Carrethers was estopped by the parties' settlement agreement (which was attached to the motion) from asserting a claim based on the facts underlying her EEOC complaint, (2) that she pleaded no facts tending to show that she was discharged for engaging in protected activity under Title VII or making disclosures protected under the WPA, and (3) that she pleaded no facts tending to show that the

MSPB decision affirming her discharge was unsupported by substantial evidence, or was arbitrary, capricious, or an abuse of discretion.

The district court dismissed Carrethers' suit partly on the basis that she was estopped from asserting the racial component of her retaliation claims because it was barred by the settlement agreement. Further, the court held that apart from this estoppel, Carrethers failed to allege sufficient facts to adequately plead her retaliation and MSPB claims. Specifically, the court considered the sexual-harassment-related allegations to be insufficiently pleaded because the district-court complaint does not state whether Carrethers complained to a supervisor, EEO representative, or other person; how or where she complained of sexual harassment, including whether in person, by completing a form, making a phone call, or sending an email; and whether the sexual-harassment complaint was informal or formal. The district court dismissed Carrethers' third count—appeal of the MSPB's decision—because it found that she pleaded no facts supporting it and instead merely asserted legal conclusions. In its memorandum opinion, the district court stated that it was not treating the Army's motion as a motion for summary judgment, despite the inclusion of exhibits, and it did not rely on any exhibit other than the EEOC settlement agreement. Carrethers timely appeals.

## II

### A

We review de novo the grant of a motion to dismiss for failure to state a claim. *Wilmington Trust Co. v. AEP Generating Co.*, 854 F.3d 332, 336 (6th Cir. 2017); *see also* Fed. R. Civ. P. 12(b)(6).

In reviewing the district court's dismissal of Carrethers' complaint, we must determine whether she sufficiently pleaded "a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007); *see also Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009). We take well-pleaded facts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A pleading will not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 557), and we do not accept as true "legal conclusion[s] couched as . . . factual allegation[s]." *Bell Atl. Corp.*, 550 U.S. at 555 (internal citation and quotation marks omitted). Rather, in order to "unlock the doors of discovery," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The liberal pleading standard applicable to civil complaints does not require that a retaliation complaint set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief. *See Keys v. Humana*, 684 F.3d 605, 609–10 (6th Cir. 2012).

The inclusion of attachments to a motion to dismiss that serve only to clarify the issues and that do not rebut, challenge, or contradict allegations in a complaint, does not convert a motion to dismiss into a motion for summary judgment. *Song v. City of Elyria, Oh.*, 985 F.2d 840, 842 (6th Cir. 1993).

Title VII prohibits retaliation against an employee because she opposed a prohibited employment practice—such as racial or sexual harassment—or "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [under Title VII]." *See* 42 U.S.C. § 2000e-3(a). In order to establish a prima facie case of retaliation under Title VII, a plaintiff's complaint must show that (1) she engaged in protected activity under Title VII, (2) the defendant was aware of this activity, (3) she was subjected to an adverse employment action by the defendant, and (4) there was a causal connection between the protected activity and the adverse employment action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013).

The WPA prohibits government officials with personnel authority from "tak[ing] or fail[ing] to take, or threaten[ing] to take or fail to take, a personnel action with respect to any employee . . . because of . . . any disclosure of information . . . which the employee . . . reasonably believes evidences . . . any violation of any law, rule, or regulation . . . ." 5 U.S.C. § 2302(b)(8). In order to establish a prima facie case of retaliation under the WPA, a plaintiff's complaint must show that (1) the acting official had the authority to take, recommend, or approve the complained-of employment action, (2) the plaintiff made a disclosure protected under 5 U.S.C. § 2302(b)(8), (3) the acting official took, or failed to take, a personnel action against the plaintiff, and (4) there was a causal connection between the protected disclosure and the personnel action. *Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1380 (Fed. Cir. 2008) (citation omitted).

Judicial review of an MSPB decision is generally in the Federal Circuit on the administrative record, 5 U.S.C. §§ 7703(b)(1), 7701(c)(1)–(3); where the employee also has claims under certain anti-discrimination laws, including Title VII, such cases proceed in district court, *id.* at § 7703(b)(2) (citing *id.* at § 7702), where the plaintiff is entitled to trial de novo of the facts regarding her discrimination claims. *Id.* at § 7703(c).

**B**

We turn first to Carrethers' two retaliation counts.

The district court held that Carrethers is estopped from asserting the racial component of her retaliation claims due to her EEOC settlement agreement with the Army. As a result, it never considered her allegations regarding racial harassment and whether they helped establish a factual predicate to retaliatory discharge. On appeal, the Acting Secretary concedes that this holding was erroneous and that the parties' settlement agreement does not cover retaliation

claims. *See* Appellee's Br. at 9–10 ("[T]he Army does not argue that Carrethers' claims are barred—simply that her Complaint was factually deficient and thus failed to state a claim upon which relief could be granted."). Given this concession, we must examine Carrethers' complaint and determine whether her allegations that she was discharged in retaliation for complaining of racial and sexual harassment establish a plausible claim for relief, mindful that at the pleading stage Carrethers need not establish a prima facie case of discrimination. *See Keys*, 684 F.3d at 609–10.

Carrethers' district-court complaint asserts factual allegations that make out a plausible claim for relief. She alleges that she complained (first informally, and then in a formal EEOC complaint) that her supervisors McGuire and Cathell subjected her to a hostile work environment on the basis of her race; that she complained of four specific instances of sexual harassment by McGuire; that she was reprimanded for "discourtesy and making unsubstantiated statements"; and that the Army told her she was being discharged because "it could not substantiate the allegations of sexual harassment" she made. Compl., R. 1, PID 3. Although she does not allege specific facts regarding in what manner she complained of sexual harassment, her allegation that the Army said it could not substantiate the complaint necessarily implies that Army officials were aware of it. *Cf. Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 580 (6th Cir. 2000) ("The [EEOC] has identified a number of examples of 'opposing' conduct which is protected by Title VII, including complaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices . . . ."). Taken together, these allegations allow one to "draw the reasonable inference" that (1) Carrethers engaged in protected activity under Title VII or made protected disclosures under the WPA concerning racial and sexual harassment, (2) an Army official terminated her employment, (3) and this termination resulted from her protected activity or disclosures. Importantly, Carrethers asserts

that the Army expressly told her that she was being discharged because it could not substantiate her sexual-harassment allegation.

We do not pass on the merits of Carrethers' retaliation claims or any defenses the Army might raise; we address only the adequacy of the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (the "simplified notice pleading standard [of Fed. R. Civ. P. 8(a)(2)] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."); *see also Bell Atl. Corp.*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . .") (citation omitted). Carrethers has established a plausible claim that she will be able to establish a prima facie case of retaliatory discharge for engaging in activity protected under Title VII or making disclosures protected under the WPA.

## C

We turn next to Carrethers' claim challenging the MSPB's decision. Count 3 incorporates all the factual allegations preceding the MSPB count and asserts that "[t]here was not substantial evidence in the administrative record for the MSPB to uphold the [Army's] decision to remove [Carrethers] from employment" and that "[t]he MSPB's findings were arbitrary, capricious and an abuse of discretion." Compl., R. 1, PID 6.

Although at first blush the allegations in Count 3 are spare, we "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [her] claims that would entitle [her] to relief." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). In this light, because Count 3 incorporates all of the complaint's preceding factual allegations, it is "plausible" that those facts, taken as true, render the MSPB's decision

-9-

arbitrary, capricious, an abuse of discretion, or lacking substantial evidence. *Bell Atl. Corp.*, 550 U.S. at 570.

**III**

For the foregoing reasons, we **REVERSE** the dismissal of the complaint and **REMAND** for further proceedings.